**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **YOONA HA,** <br><br> Plaintiff, <br><br> v. <br><br> **NORTHWESTERN UNIVERSITY,** <br><br> Defendant. | Case No. 14 C 895 <br><br> Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

On February 11 and 12, 2012, the Plaintiff, a freshman at Northwestern University (hereinafter, the "Defendant" or "Northwestern"), was sexually assaulted by Peter Ludlow ("Ludlow"), one of her professors. The assault took place off campus at Ludlow's apartment in the evening or early morning hours, and occurred after Ludlow caused her to become intoxicated by plying her with drinks. Although her level of consciousness was as she described it "in and out," she recalls being kissed and groped by Ludlow at his apartment and recalls waking up in his bed with his arms around her. Plaintiff told one of her professors about the incident with Ludlow. Plaintiff then confronted Ludlow who begged her not to tell anyone and told her he could either mentor her academically or pay her money.

The professor, to whom Plaintiff reported the incident, informed the University's Director of Sexual Harassment Prevention the next day. The Director, Joan Slavin ("Slavin"), immediately began an investigation of Plaintiff's complaint. While the investigation was ongoing Slavin directed Ludlow to have no father contact with Plaintiff and informed Plaintiff of this directive. The investigation itself consisted of reviewing documents and other information, and interviewing Plaintiff, Ludlow and several other witnesses. At the conclusion of the investigation, Slavin summarized the information reviewed and her findings and recommendations in a 21-page memorandum to the Dean of the Weinberg College of Arts & Sciences, dated April 10, 2012. Slavin also e-mailed Plaintiff a copy of her memorandum.

Based on the totality of the evidence Slavin concluded that Ludlow had, in fact, engaged in unwelcome and inappropriate sexual advances toward Plaintiff. She also found that, as a result of the heavy consumption of alcohol purchased for Plaintiff by Ludlow, that Ha "was unable to offer meaningful consent." Slavin told Plaintiff that she had made the Dean's Office aware of her findings and would work with that office on implementing needed corrective and remedial actions. She did, however, tell Plaintiff that Northwestern would not share details of disciplinary and corrective actions taken against Ludlow because of their confidential

personnel nature, other than he was to refrain from having any contact with her.

Plaintiff contends that as a result of the stress and trauma of the events with Ludlow she was diagnosed with Post Traumatic Stress Disorder and was hospitalized after attempting to commit suicide. Shortly thereafter, she retained attorneys to represent her with regard to the matters related to the sexual assault. Later Plaintiff found out that Ludlow was still employed by Northwestern. Because he had not been removed from the campus, she felt unsafe which caused her to experience panic attacks.

On April 24, 2012, Plaintiff's counsel sent out a demand letter to Ludlow requesting that he pay Plaintiff's damages resulting from his sexual assault. On May 4, 2012, Ludlow, in a letter to Plaintiff's attorney written by his own attorney, denied the allegation of sexual assault and accused plaintiff of making false statements about him. He further threatened to sue Plaintiff for defamation and ordered her to cease and desist from making further false statements against him. Plaintiff reported this threat to Ms. Slavin because she construed it as retaliation for her complaints. Ms. Slavin promptly investigated on the University's behalf. When the investigation concluded, Plaintiff was informed by Ms. Slavin that Ludlow's letter did not violate University policy against retaliation because the letter stated a

legal position and was in response to Plaintiff's attorney's demand letter.

Plaintiff claims that the University retaliated against her for complaining about Ludlow by denying her a fellowship and, when she dropped out of a study abroad program, was denied a "non-refundable" refund of her deposit. She also alleges that Defendant's Center for Awareness, Response, and Education ("Care") decided to stop working with her because of what it stated was "conflicts of interest" based on her threat to sue Northwestern. Finally, after suing Northwestern, Plaintiff claims that she experienced, what she termed as "inconvenience and difficulties," such as she had not been automatically registered for a class. She complained about it and she was subsequently registered. Lastly, she claims that Ludlow's threat to file a defamation lawsuit against her constituted retaliation.

## II. DISCUSSION

Plaintiff claims in Count I of her suit that she is entitled to damages because Northwestern violated Title IX of the Education Amendment Act of 1972. She claims that the failure of Northwestern to fire Ludlow and allowing him to remain on campus created a hostile enrolment that effectively deprived her of the education opportunities and benefits provided by the school. She also contends that the inconvenience and difficulties which she described above constituted retaliation. The Complaint does not

allege what actions Northwestern actually took against Ludlow, although Northwestern sets forth in its Answer and its Affirmative Defenses a laundry list of actions it took against Ludlow.

Plaintiff's problem with attempting to establish Title IX liability for hostile environment against Northwestern is that an institution must have actual knowledge of the harassment and have exhibited deliberate indifference to it in order to be liable for damages. According to the Supreme Court, Congress did not contemplate payment of damages where the institution is unaware of the hostile environment. Nor does Title IX permit recovery for a teacher's sexual harassment of a student based on the principles of *respondeat superior* or constructive notice, *i.e.,* without actual notice to the school official. *Gebser v. Lago Vista Independent School Dist.,* 118 S.Ct. 1989 (1998). It is only where the school has actual notice of the harassment and does nothing about it or takes insufficient actions to stop it that it shows deliberate indifference. Here, the Plaintiff complained to Northwestern of sexual harassment on the part of Ludlow after it occurred. Northwestern immediately conducted an investigation into the allegations and issued a report finding them well taken. It took remedial action which consisted at least in part by instructing Ludlow not have any contact with Plaintiff. Ha does not allege that Ludlow violated that instruction, so Northwestern took timely, reasonable, and successful measures to end the harassment.

Therefore, it is not liable under Title IX for Ludlow's harassment. If Northwestern had learned that its response was proven to be inadequate to prevent further harassment by Ludlow, it would have been required to take further steps to avoid liability. *Wills v. Brown University,* 184 F.3d 20, 26 (1st Cir. 1999). However, the Complaint does not allege any subsequent acts of harassment on Ludlow's part so there was no further action required to be taken by Northwestern to avoid Title IX liability.

The problem with Plaintiff's argument that Northwestern should be liable for indifference because it did not fire Ludlow, is that it flies in the face of Supreme Court precedent established in *Davis Next Friend LaShonda D. v. Monroe,* 119 S.Ct 1661, 1674 (1999). Although that case involved student-on-student sex harassment, it nevertheless interpreted the requirements of Title IX. The Supreme Court specifically held that Title IX does not give the victim the right to make particular remedial demands. "In fact . . . courts should refrain from second-guessing the disciplinary decisions made by school administrators. . . . School administrators will continue to enjoy the flexibility they require so long as funding recipients are deemed 'deliberately indifferent' . . . only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Id.* Here so far as the Complaint is concerned to Plaintiff's knowledge, the Defendant took disciplinary

action against Ludlow without disclosing the specifics other than instructing him to have no contact with Plaintiff. Ludlow acceded to this instruction, and, other than an occasional glimpse of him on the campus, there was no other contact between the two, other than the attorney correspondence. So as far as Plaintiff herself is concerned, according to the Complaint, there was no other contact. She, however, claims that knowledge of Ludlow's presence on the campus caused her considerable grief. However, this is not actionable under Title IX.

Plaintiff has also alleged a Title IX retaliation claim as described above. None of the occurrences could be classified as retaliation. She claimed that she applied for a fellowship but was denied the fellowship. She does not allege that the denial was causally related to her threats to bring suit. She also does not state who the decider was on the fellowship matter. She dropped out of a study abroad program and was denied a refund of a non-refundable deposit. She, however, does not allege that the failure to refund the deposit was occasioned by Northwestern. She alleges that "the company in charge" of the program was making the demand for payment. This would seem to imply that it was not Northwestern who made the decision, but some unnamed company. She claims that the Northwestern Advocacy Center for Sexual Assault Victims stopped working for her after she threatened suit through her attorney, citing a conflict of interest, constituted retaliation. However,

Plaintiff herself likewise notified the Center that she wished to terminate her relationship. Her complaint about the threatened suit does not constitute retaliation either. *Mlyncxak v. Bodman,* 442 F.3d 1050, 1061 (7th Cir. 2006) ("The lawsuit-at least in the absence of a showing not made here that it was independently an abuse of process-was not the kind of adverse action that the retaliation statute reaches.") Plaintiff's remaining complaints at best amount to inconveniences which are not considered "adverse" actions. *Hilt-Dyson v. City of Chicago,* 282 F.3d 456, 465 (7th Cir. 2002).

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings is granted.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Date:11/13/2014